STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROGER JAMES SANDERS,
*Defendant-Appellant.*

Washington County Circuit Court
C131242CR; A157514

381 P3d 1048

D. Charles Bailey, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mary M. Reese, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Susan Yorke, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant was convicted of one count of first-degree unlawful sexual penetration and one count of first-degree sexual abuse of a seven-year-old victim, and sentenced to 300 months' imprisonment and 10 years' post-prison supervision. Among other terms, the trial court ordered defendant to pay $18,580 in court-appointed attorney fees.

On appeal, defendant raises four assignments of error. We reject the second and third assignments of error without discussion. We write only to address defendant's first assignment of error, which relates to the trial court's refusal to disclose confidential records from the victim's Crime Victim's Compensation Fund (CVCF) file, and his fourth assignment of error, which relates to the trial court's imposition of attorney fees.

Defendant's first assignment of error contends that the trial court erred when, following an *in-camera* review, it refused to disclose confidential information from the CVCF file. Defendant claims that that file may have included exculpatory or impeachment evidence in witness statements or agreements to cooperate with the prosecution that are required to be disclosed by Oregon and federal constitutional provisions. After the trial court reviewed the CVCF file *in camera*, it issued an order that prevented the release of the records to the parties. On appeal, defendant requests that we conduct a separate *in-camera* review to determine whether the trial court erred when it refused to disclose the records because the records may contain the sought after exculpatory or impeachment evidence. The state does not oppose that request. Having undertaken such a review, we conclude that the trial court did not err when it ordered that the records not be disclosed to the parties.

Turning to defendant's fourth assignment of error, defendant acknowledges that he did not preserve his claim of error, but contends that we should exercise our discretion under ORAP 5.45(1) to correct the error because the trial court ordered him to pay attorney fees on a record that is silent about his ability to pay them. The state concedes that the trial court's imposition of attorney fees constitutes

plain error under our case law. We agree that the trial court committed plain error, accept the state's concession, and conclude that it is appropriate to exercise our discretion to correct the error in this case for the reasons stated in *State v. Coverstone*, 260 Or App 714, 716-17, 320 P3d 670 (2014)—the gravity of the error, the length of defendant's prison term, and the lack of any evidence of financial resources.

Portion of judgment requiring defendant to pay attorney fees reversed; otherwise affirmed.